<hr />

| 55 | 355 |
|----|-----|
| 62 | 375 |

### BRIDGET WHEELER v. DEVEREAUX SMITH.

*Dower.*

A dower right cannot be established in land, the deed of which to claimant's husband was never recorded, and which has passed to subsequent purchasers in good faith.

Error to Livingston. (Newton, J.) Oct. 23.—Nov. 19.

EJECTMENT. Defendant brings error. Reversed.

*D. Shields* and *L. S. Montague* for appellant. A defendant in ejectment can show that he was a bona fide purchaser (*Shotwell v. Harrison* 22 Mich. 410), who will hold against creditors even though a statute expressly declares fraudulent conveyances void as against creditors, and makes no exception in favor of bona fide purchasers: *Quirk v. Thomas* 6 Mich. 115; *Anderson v. Roberts* 18 Johns. 513.

*J. L. Topping* for appellee.

CAMPBELL, J.  Plaintiff, as widow of William Wheeler, deceased, sues for her dower in land of which defendant holds a clear record title in good faith and for value and is entitled to the equities of his predecessors.  Her claim is that her husband once owned the land, and that she never parted with her dower.  The court below decided in her favor.

On the trial, to make out her case, she showed a deed, given in 1865 by John R. Mason to her husband, under which they went into possession.  This deed was never recorded.  It was subsequently given up by surrender in writing, with directions in writing to the vendor to convey to Andrew Bly,— which he did.  This conveyance was made subject to a mortgage referred to in it, given by Wheeler to one Nye, which the vendee was to pay, and which is not now outstanding.  A subsequent deed was made, subject to a mortgage to Wheeler, concerning which there is no question, as it came from the record owner.

It is claimed by plaintiff that defendant, by reason of these references, had notice of Wheeler's title, and therefore of such claim as plaintiff had as dowress.  It appears, however, that she and her husband both left the premises at or about the time when he relinquished his deed; and there are some other facts connected with their relations which might perhaps require attention if defendant stood in a different position.  He is only informed, therefore, constructively of what appears in his deed and the chain of title.  There is nothing in these papers which indicates that Wheeler ever owned the legal title, and nothing which would warn a purchaser of anything but Nye's rights, and of those there is no controversy.

But plaintiff insists, and so the court below seemed to consider, that a right of dower has some preference over other rights under our land laws.  The statute in regard to unrecorded deeds (How. Stat. § 5683) makes them void as to subsequent bona fide purchasers whose deeds are first recorded.  This is defendant's position.  Whatever plaintiff's rights may have been, they depend solely on the unrecorded deed to her husband.  Under the statute defendant's honest purchase, made under previous bona fide purchasers, left this precisely

as if it had never existed. We can see no possible reason for ingrafting on this statute an exception which is at variance with its language, and at variance with the plain purpose of the law, which is to give honest purchasers a right to rely on the record.

This makes it unnecessary to consider the important and interesting questions lying outside of the record title, and we shall not discuss them. In our opinion the court below should have directed a verdict for defendant.

The judgment must be reversed and a new trial granted.

The other Justices concurred.